UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff-Respondent,      Case No. 1:06-cr-245-1

v.               HON. JANET T. NEFF

ALEJANDRO SERRANO DOMENECH,

   Defendant-Movant.
_____/

## OPINION

This matter is before the Court on Defendant Alejandro Serrano Domenech's pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 234), which the government has moved to dismiss as substantively non-compliant with the RULES GOVERNING SECTION 2255 PROCEEDINGS (Dkt 243). For the reasons that follow, the Court grants the government's Motion to Dismiss and dismisses Defendant's § 2255 motion.

### I. BACKGROUND

In October 2006, Defendant and his brother, William Serrano Domenech, were charged with crimes related to firearms and drug trafficking (Dkt 1). In a six-count Superseding Indictment issued in January 2007, they were also charged with crimes related to possession of counterfeit federal reserve notes (Dkt 42). This Court presided over their five-day trial in October 2007. The jury returned a guilty verdict on all counts (Dkts 149-52). On February 11, 2008, this Court sentenced Defendant to a total of 420 months of imprisonment, followed by 8 years of supervised release; a fine of $7,380.00; and a $100.00 special assessment per count (Minutes, Dkt 177). The Court entered its Judgment on February 20, 2008 (Dkt 181), and Defendant timely filed a notice of appeal

(Dkt 184).  After initially reversing the Judgment, the Sixth Circuit Court of Appeals vacated its decision and affirmed this Court's Judgment on July 12, 2011 (Amend. Op., Dkt 205).  *United States v. Domenech*, Nos. 08–1220, 08–1221, 430 F. App'x 392 (2011).  On January 17, 2012, the United States Supreme Court denied Defendant's petition for a writ of certiorari (Dkt 208).  *Alejandro Domenech v. United States*, 132 S. Ct. 1122 (2012).

On January 28, 2013, Defendant filed this § 2255 motion (Dkt 234), indicating that he wished to challenge the effectiveness of his appointed counsel at the pretrial, trial, sentencing and appellate levels.  In the places in the form requesting "supporting facts" for his issues presented, Defendant typed:  "See; Memeorandum [sic] of Law, Points & Authorities," although no such document was attached to his motion and no such document was forthcoming.

On March 21, 2013, the government filed a letter with the Court, enclosing a copy of an undated motion it had received from Defendant in which Defendant requested an extension of time to file a "Memorandum of Law, Points and Authorities" in support of his § 2255 motion (Dkt 237).  The government observed that the motion had not yet been filed with the Court (*id.* at 1).  The government sent a copy of its letter to Defendant (*id.* at 2).

The Court docketed the motion enclosed by the government as Defendant's Motion for an Extension of Time (Dkt 237), and, on March 28, 2013, the Court entered an Order granting the motion (Dkt 238).  This Court's March 28, 2013 Order provided Defendant with sixty days from the date of entry of the Order in which to file a memorandum in support of his § 2255 motion (*id.*).  The Court's Order indicated, however, that "additional requests for an extension will not be favored" (*id.*).  The Court's Order was mailed to Defendant the following day.  Defendant did not thereafter

file a supporting memorandum, nor any other document with the Court, apparently abandoning his post-conviction efforts for the next several months.

On July 22, 2013, nearly seven months after Defendant first filed his § 2255 motion, the government moved to dismiss the § 2255 motion as substantively non-compliant with the RULES GOVERNING SECTION 2255 PROCEEDINGS (Dkt 243). The government also filed a Certificate of Service, indicating that it mailed a copy of its motion to dismiss to Defendant that same day (Dkt 244). Defendant did not thereafter timely file a response to the government's motion to dismiss his § 2255 motion.

On October 7, 2013, well past the time period for doing so, Defendant filed a response to the government's motion (Dkt 249).[1] *See* W.D. Mich. LCivR 47.1(c) (providing that "[a]ny party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials"). In his untimely response, Defendant for the first time set forth facts and arguments in support of his ineffective-assistance-of-counsel claims.[2] Defendant contends that "but for a professional paralegal's failure to comply with the terms of a legally entered contract," he would have timely presented these arguments (*id.* at 4).

---

[1] The response Defendant filed on October 7, 2013 was unsigned. Defendant provided a second copy of his response on October 11, 2013, which included his signature (Dkt 250).

[2] Defendant argues (1) that his first appointed attorney failed to "personally" communicate the parameters of a plea offer; (2) that his trial attorney failed to (a) object to the introduction of prior bad-acts evidence, (b) object to the introduction of "illegally seized evidence," and (c) "properly prepare for trial;" (3) that his trial attorney also failed at sentencing to (a) discuss the new guidelines for crack disparities in calculating his sentence, (b) object to the excessiveness of the fine imposed, and (c) object to the use of a prior conviction; and (4) that his appellate attorney likewise failed to (a) present the new guidelines for crack disparities in challenging his sentence, and (b) challenge the excessiveness of the fine imposed (Dkt 250 at 6-16).

## II. DISCUSSION

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Rule 2(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS instructs that "[t]he motion must (1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Rule 2(c) further provides that a § 2255 motion "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."

As evidenced by his promise of a supporting memorandum, Defendant's § 2255 submission contains only bare assertions that he wishes to challenge the effectiveness of his counsel at the pretrial, trial, sentencing and appellate levels, a submission that does not conform to the requirements of filing a § 2255 motion. *See, e.g., Johnson v. United States*, 457 F. App'x 462, 466-67 (6th Cir. 2012) (opining that the defendant's "letter undoubtedly was not filed in the form of a § 2255 motion because it specified no grounds for relief, offered no facts to support any ground for relief, and asked only about the deadline for filing a § 2255 motion so as to prevent [Johnson]

4

from missing out on the opportunity to file one"). Defendant's § 2255 motion does not state any facts or present any arguments in support of his ineffective-assistance-of-counsel claims to which the government could respond, the attorneys who represented Defendant could address, or this Court could even attempt to resolve. *Cf. Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("[A] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

Defendant violated the mandate of Rule 2(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS in failing to contemporaneously provide his arguments with the filing of his § 2255 motion on January 28, 2013. Even after Defendant failed to supply his arguments and failed to file a motion requesting an extension of time, the Court processed the motion for an extension that the government supplied to the Court and provided Defendant ample opportunity—until the end of May 2013—to subsequently present the facts and arguments in support of his ineffective-assistance-of-counsel claims. While the Court is mindful of Defendant's pro se status, this Court's March 28, 2013 Order providing Defendant an additional sixty-day period to file his supporting memorandum, and indicating that no further extensions would be favored, is an order that is "readily comprehended." *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (affirming the district court's decision to dismiss the pro se litigant's action where the action "was not dismissed as the result of inartful pleading or any lack of legal training, but rather because he failed to adhere to readily comprehended court deadlines of which he was well-aware"). Defendant simply did not utilize the latitude afforded him by the Court's March 28, 2013 Order.

Defendant's untimely response to the government's motion to dismiss is not properly before this Court and cannot operate to cure the defects the government identified in his § 2255 motion. Rather, Defendant's belated submission only serves to further exhibit his disregard for diligently pursuing his post-conviction rights. While Defendant faults the progress of a paralegal with whom he contracted, he concomitantly offers no good cause for his failure to inform the Court during the intervening months about his perceived inability to prosecute his § 2255 action in a timely manner.

In sum, in carefully considering the circumstances of this case, the Court agrees with the government that Defendant's § 2255 motion is properly dismissed. Inasmuch as Defendant's § 2255 motion is being dismissed on procedural grounds because his § 2255 motion failed to provide the essential factual allegations on which his proposed ineffective assistance claims must rise or fall, no evidentiary hearing is required by 28 U.S.C. § 2255(b) to resolve the merits of the pending motion. *See, e.g., Gardner v. United States*, No. 97-5469, 178 F.3d 1294, at *3-4 (6th Cir. 1999) (affirming the district court's decision to dismiss without an evidentiary hearing the defendant's § 2255 motion for failure to comply with the court's Order to Amend); *see also O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (collecting cases for the proposition that "[c]onclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing").

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the Court must assess whether to grant the issuance of a certificate of appealability (COA) to Defendant. RULES GOVERNING § 2255 CASES, Rule 11. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Upon review, the Court determines that this standard is not met because reasonable jurists could not find it debatable whether Defendant's motion should be dismissed on the ground that it is substantively non-compliant with the RULES GOVERNING SECTION 2255 PROCEEDINGS. *See, e.g., United States v. William Domenech*, No. 13-2134 (6th Cir. Mar. 10, 2014) (Order, Dkt 252) (finding that "[r]easonable jurists could not disagree with the district court's conclusion that [William] Domenech's motion was non-compliant with the Rules Governing Section 2255 Proceedings" where the "motion merely asserted an ineffective-assistance claim, without a scintilla of support or argument"). As such, a certificate of appealability will be denied.

### IV. CONCLUSION

For the foregoing reasons, the government's Motion to Dismiss (Dkt 243) is GRANTED, and Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 234) is dismissed. An Order of Dismissal consistent with this Opinion will enter. The Court will also issue a Judgment in this § 2255 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

DATED: June 16, 2014         /s/ Janet T. Neff
                             JANET T. NEFF
                             United States District Judge