UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v().

    Case No. 1:06-cr-245-1

    HON. JANET T. NEFF

ALEJANDRO SERRANO DOMENECH,

    Defendant.
_____/

**OPINION AND ORDER**

    The Court of Appeals for the Sixth Circuit vacated this Court's Order denying Defendant's Motion to Reduce Sentence (ECF No. 308) and remanded "for reconsideration of a sentence modification under the dictates of the First Step Act" (ECF No. 333 at PageID.2603). The parties have since filed supplemental briefs on remand (ECF Nos. 340, 347 & 358). For the reasons that follow, the Court again denies Defendant's motion.

    **I.**    **BACKGROUND**

    Defendant is a Cuban citizen who entered the United States in 1995 as an immigration parolee along with his younger brother, William Serrano Domenech, with whom he was tried in this case (United States Probation Office Pre-Sentence Investigation Report [PSR] ¶ 112). A social service agency sponsored the two young men and helped them relocate to Lansing, Michigan (*id.* ¶ 112).

    From the facts developed in the PSR prepared in this case, Defendant did not find sustained employment or engage in any other positive behavior. Rather, in the approximately eleven years between his arrival in this country and his commission of the offenses in this case, Defendant was

in and out of confinement, most times failing to appear for arraignments and failing to pay the financial sanctions associated with his convictions.  Indeed, he perpetrated enough crime to qualify as a Career Offender under the United States Sentencing Guideline (U.S.S.G.) § 4B1.1 (2007) applicable at the time of his sentencing.

The litany of Defendant's convictions grew in seriousness over the years, beginning with a conviction for retail fraud in Lansing, Michigan (June 1996); two convictions for Driving While License Suspended in Grand Rapids, Michigan (December 1996); Use of a Controlled Substance and Driving While License Suspended, again in Grand Rapids (April 1997); Criminal Trespass in New Mexico (March 1998); Criminal Trespass and Unlawfully Carrying a Deadly Weapon in New Mexico (April 1998); Possession of a Controlled Substance and Obstructing or Evading a Police Officer in New Mexico (August 1998); another Criminal Trespass conviction arising from Defendant's decision to sleep in an apartment complex stairwell in New Mexico (August 1998); Criminal Trespass and Public Nuisance in New Mexico (September 1998); Breaking and Entering motel rooms in New Mexico (November 1998); and Armed Robbery with a Deadly Weapon in New Mexico (December 1998) (PSR ¶¶ 80-90).

Defendant's immigration parole status was terminated after his felony convictions for armed robbery and breaking and entering (PSR ¶¶ 16-17). He was released from prison on parole in July 2000 to the custody of the Immigration and Naturalization Service (INS), which instituted removal proceedings (*id.* ¶¶ 16-17). Cuba, however, refused to accept Defendant's return (*id.* ¶¶ 16-17).

In November 2001, the INS released Defendant conditioned on the requirement that he keep the INS informed of his whereabouts (PSR ¶ 17). Defendant failed to do so.  In fact,

Defendant committed a third-degree felony trafficking cocaine in New Mexico in January 2002, although he was not convicted and sentenced for the offense until later (*id.* ¶¶ 22, 92).

In December 2002, Defendant was imprisoned for two and one-half years for violating his parole by possessing a stolen vehicle (PSR ¶ 20). In February 2006, he was sentenced for the January 2002 drug trafficking offense but was released based on time served (*id.* ¶¶ 20, 92).

In April 2006, approximately one month after his release and while still on probation, Defendant committed the instant offenses. The evidence developed at trial and accepted by the jury indicated that Defendant and his younger brother stole—at gun point—drugs, firearms, and ammunition from persons in New Mexico and traveled to the Lansing area to deal the drugs.  They were accompanied by the material witness in this case and a 14-year-old runaway girl, both of whom Defendants kept supplied with drugs.  The small motel room where local police officers caught up with Defendant, co-Defendant, and their companions was a scene fraught with dangerous possibilities.  Defendant attempted to flush some of the drugs down the toilet and refused to comply with the police officers' commands to spit out the drugs he put in his mouth. Defendant, who was holding a switchblade knife, struggled with the police officers and was subdued only after an officer twice activated his taser against him.  The officers seized drugs, loaded weapons and counterfeit money from the motel room.

The government charged Defendant with Possession of Firearms by Illegal Aliens, 18 U.S.C. § 922(g)(5)(A), 18 U.S.C. § 924(a)(2) (Count 1); Possession of Crack Cocaine with Intent to Distribute, 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (Count 2); Possession of Marijuana with Intent to Distribute, 21 U.S.C. § 841(a)(1), (b)(1)(D) (Count 3); Possessing Firearms in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A)(i); 21 U.S.C. § 841(a)(1) (Count 4); Felon in

Possession of Firearms, 18 U.S.C. § 922(g)(1) (Count 5); and Possession of Counterfeit Federal Reserve Notes, 18 U.S.C. § 472 (Count 6). Following five days of trial, the jury convicted Defendant of all six counts against him. The government moved to vacate Defendant's conviction under Count 1 to avoid imposition of multiple sentences for the same firearms possession, *see United States v. Throneburg*, 921 F.2d 654, 656-57 (6th Cir. 1990), and this Court granted the motion.

Defendant appeared before the Court for sentencing on February 11, 2008. Based on the United States Sentencing Guidelines as they existed at that time, Defendant's Guidelines imprisonment range was 360 months to life (PSR ¶ 134). Based on his prior New Mexico convictions for armed robbery and attempted drug trafficking, this Court classified Defendant as a career offender and sentenced him at the low end of the then-applicable Guideline range to an aggregate term of 420 months in prison (Judgment, ECF No. 181).[1] This Court rendered its oral sentencing decision on February 11, 2008 and issued a Sentencing Memorandum on February 20, 2008 to provide greater detail regarding the reasons given for the sentence imposed (ECF No. 182). Defendant appealed this Court's Judgment of Sentence, and the Sixth Circuit affirmed this Court's Judgment (ECF No. 205). *United States v. Domenech*, 430 F. App'x 392 (6th Cir. 2011). Defendant petitioned for a writ of certiorari, which the United States Supreme Court denied (ECF No. 215). Defendant's estimated release date is currently January 6, 2037, according to the Bureau of Prisons (BOP) website.

In January 2013, Defendant moved to vacate his sentence under 28 U.S.C. § 2255 (ECF No. 234). The government moved to dismiss the motion, and this Court granted the government's

---

[1] This Court sentenced William Serrano Domenech to an aggregate term of 234 months' imprisonment.

motion (Op. & Order, ECF Nos. 253-254).  Defendant appealed, and the Sixth Circuit denied Defendant's application for a certificate of appealability (ECF No. 273).

In November 2014, Defendant moved to modify or reduce his sentence under 18 U.S.C. § 3582(c)(2) on the basis of Amendment 782 of the United States Sentencing Guidelines (ECF No. 260).  This Court denied his motion (Memo. Op. & Order, ECF Nos. 270-271).  Defendant appealed, and the Sixth Circuit affirmed this Court's Order (ECF No. 284).

In June 2016, relying on *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), Defendant filed a second motion to vacate his sentence under 28 U.S.C. § 2255 (ECF No. 299), which this Court transferred to the Sixth Circuit (Order, ECF No. 301).  The Sixth Circuit denied Defendant's request for authorization to file a second or successive § 2255 motion (ECF No. 302).

In March 2019, Defendant filed a Motion for Reduction of Sentence (ECF No. 308).  This Court appointed counsel for Defendant and ordered a supplemental brief from Defendant and a response from the government.  The supplemental brief (ECF No. 315) and the government's response (ECF No. 316) were duly filed.  On May 30, 2019, this Court issued a Memorandum Opinion and Order denying Defendant's motion (ECF No. 325).  Defendant filed an appeal, which the Sixth Circuit consolidated with his brother's appeal.

On June 25, 2020, the Sixth Circuit issued its Opinion, rejecting Defendants' argument that they were entitled to a plenary sentencing but deciding that this Court abused its discretion in denying their motions inasmuch as this Court "failed to treat the brothers' reduced ranges as 'the starting point and the initial benchmark' for its decision" and failed to give "renewed consideration of the § 3553(a) factors" (ECF No. 333 at PageID.2602-2603 (citations omitted)).  The Sixth Circuit remanded "for reconsideration of a sentence modification under the dictates of the First Step Act" (*id.* at PageID.2603).  The mandate was issued on July 17, 2020 (ECF No. 334).  On

September 21, 2020, Defendant filed a brief on remand (ECF No. 340), to which the government filed a response (ECF No. 347). On January 28, 2021, Defendant filed a reply (ECF No. 358). The Court is satisfied that Defendant has been given a meaningful opportunity for input and that the matters presented in the motion papers may be resolved without the need for oral argument. *See* W.D. Mich. LCrimR 47.1(d).

## II.     ANALYSIS

### A.     Overview

In general, a federal district court "may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute…" 18 U.S.C. § 3582(c). Defendant seeks a modification under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (First Step Act), which, among other reforms, retroactively applies certain sentencing reform provisions of the Fair Sentencing Act (FSA), Pub. L. No. 111-220, 124 Stat. 2372. "The Fair Sentencing Act had increased the cocaine-base quantities required to trigger the statutory penalties in 21 U.S.C. §§ 841(b)(1)(A)(*iii*) and (B)(*iii*), thereby reducing (but not eliminating) the sentencing disparity between powder-cocaine and cocaine-base offenses." *United States v. Ware*, 964 F.3d 482, 485-86 (6th Cir. 2020).

The authority granted by the First Step Act is limited: "A court that imposed a sentence for a covered offense may ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." *United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019) (quoting § 404(b)). And the authority granted by the First Step Act is discretionary: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* (quoting § 404(c)).

When a court finds a defendant eligible, the First Step Act requires the court to conduct "a complete review of the resentencing motion on the merits." First Step Act of 2018, Pub. L. No. 115-391, § 404(c). This includes, "at a minimum," "an accurate calculation of the amended guidelines range at the time of resentencing and [a] thorough renewed consideration of the § 3553(a) factors." *Boulding*, 960 F.3d at 784. "Under section 404(b) and (c) of the First Step Act, a district court is authorized to do two things with respect to a defendant's covered offense: (1) determine the statutory and Guidelines ranges 'as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed,' and (2) exercise its discretion to impose a new sentence somewhere between the revised statutory minimum and the existing sentence." *United States v. Foreman*, 958 F.3d 506, 513 (6th Cir. 2020).

As the Sixth Circuit reiterated in this case (ECF No. 333 at PageID.2600), a defendant is not entitled to a plenary resentencing. *See* FED. R. CRIM. P. 43(b)(4) (providing that "[a] defendant need not be present [where] the proceeding involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)"); *United States v. Williams*, 972 F.3d 815, 816 (2020); *Boulding*, 960 F.3d at 782; *Alexander*, 951 F.3d at 708 ("The First Step Act's limited, discretionary authorization to impose a reduced sentence is inconsistent with a plenary resentencing.").

Further, a district court "has wide latitude to provide the process it deems appropriate" when it weighs a First Step Act motion. *United States v. Barber*, 966 F.3d 435, 438 (6th Cir. 2020) (quoting *Boulding*, 960 F.3d at 784). However, "an opportunity to present objections, subject to reasonableness review on appeal, is part and parcel of the process due to an eligible defendant." *Boulding*, 960 F.3d at 784. "Whether such an opportunity takes the form of a written presentation or an oral argument is a case-specific decision within the scope of the district court's discretion." *Id.* The Sixth Circuit has stated that an eligible defendant's presentation includes "a meaningful

7

opportunity for input, including (where appropriate) a chance to submit new facts for the court's consideration." *Barber*, 966 F.3d at 438 (finding no error where defendant failed to submit evidence of his conduct while in custody to district court reviewing First Step Act motion).

Last, a court "must adequately explain the chosen sentence to allow for meaningful appellate review." *Williams, supra* (citation omitted). "[T]he record as a whole must indicate the reasoning behind the court's sentencing decision." *Id.* at 817 (citing *Rita v. United States,* 551 U.S. 338, 356-59 (2007)).

**B.     Defendant's Eligibility for Sentence Reduction**

To be eligible for a sentence reduction under the First Step Act, a defendant must have been sentenced for a "covered offense." First Step Act § 404(b). The Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* § 404(a). "The only limitations on eligibility for relief under the act are for sentences already imposed or reduced in accordance with those sections of the Fair Sentencing Act, or if an earlier motion for a sentence reduction under the First Step Act was denied on the merits." *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020) (citing § 404(c)).

As the Sixth Circuit pointed out, both parties agree that Defendant meets the First Step Act's eligibility requirements (ECF No. 333 at PageID.2600). Specifically, the parties agree that Defendant's offense level decreases by three levels, producing an amended range of 262 to 327 months (*id.* at PageID.2602).

**C.     Merits of Defendant's Motion**

"While a defendant may be eligible for relief under the First Step Act, this does not mean that he is entitled to it." *Flowers*, 963 F.3d at 498. *See also United States v. Maxwell*, 800 F.

App'x 373, 378 (6th Cir. 2020) ("The First Step Act merely unlocks the door to resentencing .... But it is still up to the district court to open that door."). "In exercising this discretion, the district court must consider the factors outlined in 18 U.S.C. § 3553(a), including the defendant's amended guidelines range, and then ensure that the sentence is sufficient but not greater than necessary to achieve the purposes of sentencing." *Flowers*, 963 F.3d at 498 (citing *Boulding*, 960 F.3d at 782-84; *Foreman*, 958 F.3d at 513-14; *Allen*, 956 F.3d at 357-58). A court has discretion to place more weight on one of the § 3553 sentencing factors where the particular facts in a case warrant doing so, and the court is not required to recite each of the factors in the statute. *Ware*, 964 F.3d at 487 (citing United States v. Adkins, 729 F.3d 559, 572 (6th Cir. 2013)).

As noted by the Sixth Circuit, "the parties agree that his offense level decreases by three levels, producing an amended range of 262 to 327 months" (ECF No. 333 at PageID.2602). However, on remand, Defendant argues that his Guidelines range is instead 140 to 175 months because, if the Court applies the intervening decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), then his New Mexico conviction for attempted drug-trafficking no longer counts as a "controlled substance offense" under U.S.S.G. § 4B1.2(b) and no longer qualifies him as a career offender (ECF No. 340 at PageID.2662-2666). In support of his request for a reduced sentence within this new range, Defendant expresses remorse for his crimes and points out that he has completed "about 57 rehabilitative and educational classes while incarcerated," the Non-Residential Drug Abuse Program, numerous psychological services programs and that he is making "satisfactory progress towards obtaining his GED" (*id.* at PageID.2666).[2]

---

[2] Defendant also opines that the coronavirus pandemic, coupled with his health conditions, make his incarceration "significantly more punitive" (ECF No. 340 at PageID.2667-2668). The Court declines to consider as part of its analysis the difficulties presented by COVID-19, a topic that Defendant has also presented in a separate Motion for Compassionate Release (ECF No. 346).

9

In response, the government argues that this Court should not modify Defendant's sentence beyond the amended range produced by the changes Congress made to crack sentencing in the Fair Sentencing Act (ECF No. 347 at PageID.2754).  The government argues that by requesting a sentence within a new 140-to-175-month range, Defendant is effectively requesting a plenary resentencing, based on all intervening changes in the law, and a sentence that would be "grossly insufficient to afford adequate deterrence, to reflect the seriousness of the offenses, and to provide just punishment" (*id.* at PageID.2754-2758).  According to the government, this Court should decline to reduce Defendant's sentence, given the seriousness of Defendant's criminal history, his crimes of conviction and related misconduct, and the circumstances of his arrest (*id.* at PageID.2759).

As a threshold matter, the Sixth Circuit instructed this Court on remand to reconsider a sentence modification "under the dictates of the First Step Act" (ECF No. 333 at PageID.2603). The Sixth Circuit did not address—let alone provide instruction about—the retroactive application of *Havis* to this case.  Further, as the Sixth Circuit recently clarified in *United States v. Maxwell*, 991 F.3d 685 (6th Cir. 2021), this Court is permitted, but not required, to consider changes in career offender designations.  In *Maxwell*, the Sixth Circuit held that the First Step Act "tells the court to alter just one variable in the original sentence, not all variables," and to sentence a defendant "'as if' the crack-cocaine sentencing range had been reduced under the Fair Sentencing Act of 2010, not as if other changes had been made to sentencing law in the intervening years." *Id.* at 689.

With the amended 262-327-month Guideline range as a starting point, and having given a thorough renewed consideration of the sentencing factors set forth in § 3553(a), the Court holds that an aggregate sentence of imprisonment of 420 months, which is an above-Guideline sentence,

10

i.e., a sentence above the range that would have applied if the Fair Sentencing Act of 2010 had been in effect at the time of Defendant's original sentencing, remains the appropriate sentence. Specifically, such sentence is sufficient but not greater than necessary to reflect Defendant's lengthy and increasingly serious criminal history and the serious nature of the conviction offenses and to protect the public from future crimes by Defendant, promote respect for the law, and provide just punishment and deterrence. While the Fair Sentencing Act changed the penalty for crack cocaine offenses and changes this Court's starting point, the totality of the facts in this case concerns more than crack cocaine and justifies a total sentence of 420 months. As the government pointed out in April 2019, "[r]egardless whether the starting point of that analysis was a range of 360 months to life or 262 to 327 months in prison, that roadmap leads to the same destination" (ECF No. 316 at PageID.2519). Therefore, the Court, in its discretion, again denies Defendant's motion for a reduction of sentence.

### III.  CONCLUSION

Accordingly, for the foregoing reasons:

**IT IS HEREBY ORDERED** that Defendant's Motion to Reduce Sentence (ECF No. 308) is DENIED.

Dated: April 22, 2021

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge